UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MITCHELL HIGASHI,<br><br>                                        Plaintiff,<br>v.<br><br>GENEDX HOLDINGS CORP., SEMA4 OPCO, INC., and GENEDX, LLC<br><br>                                      Defendants. | CASE NO: 3:24-cv-00815-MPS<br><br><br>JANUARY 6, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GENEDX, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Mitchell Higashi ("Higashi" or "Plaintiff") accuses his former employer, Defendant Sema4 OpCo, Inc. (Sema4 OpCo"), and its parent company, Defendant GeneDx Holdings Corp. ("GeneDx Holdings"), of making various misrepresentations both prior to and during his employment and terminating his employment for discriminatory reasons based on his race and age. On November 22, 2024, Plaintiff filed a second amendment to his Complaint [ECF No. 48] (the "Complaint"), in which he named Sema4 OpCo (not initially named in the Complaint) as a defendant, and also named GeneDx, LLC as a defendant. On December 6, 2024, Defendants Sema4 OpCo and GeneDx Holdings filed a partial Motion to Dismiss certain counts in Plaintiff's Complaint [ECF No. 57].

GeneDx, LLC now moves to dismiss in its entirety all claims asserted in Plaintiff's Complaint as against GeneDx, LLC. The Complaint establishes only that GeneDx, LLC and Sema4 OpCo share a parent entity, GeneDx Holdings, but otherwise contains no allegations whatsoever regarding conduct by GeneDx, LLC. As detailed below, GeneDx, LLC was and remains a distinct corporate entity from Sema4 OpCo. Plaintiff does not allege he was ever employed by GeneDx, LLC, and alleges no facts in his Complaint to support the notion that

GeneDx, LLC was a co-employer or otherwise responsible for any of the conduct alleged in the Complaint in support of his claims against the other two defendants.

For the foregoing reasons, as more fully articulated below, Defendant's Motion to Dismiss Plaintiff's Complaint in its entirety as against GeneDx, LLC should be GRANTED in its entirety and with prejudice. In the event the instant Motion to Dismiss is denied by the Court, Defendant GeneDx, LLC adopts the partial Motion to Dismiss filed by Defendants Sema4 OpCo and GeneDx Holdings [ECF No. 57], as if fully set forth herein and filed on behalf of Defendant GeneDx, LLC.

## I.   FACTUAL ALLEGATIONS[1]

On September 15, 2021, Sema4 OpCo extended an offer of employment to Plaintiff for a Senior Vice President ("SVP") role. (Complaint, ¶¶ 16, 24). As alleged in the Complaint, Sema4 OpCo is a wholly-owned subsidiary of GeneDx Holdings (Complaint, ¶ 5). GeneDx Holdings was formerly known as Sema4 Holdings, Corp., which name change was announced on January 9, 2023. (Complaint, ¶ 15).

A full recitation of the facts in the Operative Complaint is set forth in the Motion to Dismiss filed by Sema4 and GeneDx Holdings [ECF No. 57]. As relevant to the instant motion, however, Plaintiff references Defendant GeneDx, LLC in a single paragraph in the Complaint. Specifically, Plaintiff alleges that "GeneDx, LLC, a Delaware limited liability company, was acquired by Defendant GeneDx [Holdings Corp.] on April 29, 2022. It is a Delaware registered company." (Complaint, ¶ 4). In other words, as of April 29, 2022, GeneDx, LLC and Plaintiff's employer, Sema4 OpCo, were both owned by the same parent company.

---

[1] Defendant will accept as true the factual allegations set out in Plaintiff's Complaint solely for the limited purposes of this motion to dismiss. Accordingly, the factual recitation included in this motion are drawn exclusively from the Complaint, without regard to the accuracy of Plaintiff's averments.

Plaintiff fails to allege any facts to support a contention that GeneDx, LLC was in any way involved in the alleged conduct attributed to the other two defendants, or that GeneDx, LLC is otherwise responsible or liable for any such conduct. Plaintiff does not allege that he was employed at any time by GeneDx, LLC, or that any employees or officers of GeneDx, LLC were involved in any conduct alleged in support of his claims against Sema4 or its parent company GeneDx Holdings.

## II.       LAW & ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "'A claim has factual plausibility when the [P]laintiff pleads factual content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged.'" Arditi v. Lighthouse Int'l, 676 F.3d 294, 301 (2d Cir. 2012) (quoting Iqbal, 556 U.S. 662 (2009)). "In reviewing the sufficiency of a complaint, [courts] accept only its factual allegations, and the reasonable inferences that can be drawn therefrom, as true." Krys v. Pigott, 749 F.3d 117, 128 (2d Cir. 2014). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," id. (quoting Iqbal, 556 U.S. at 678), or "to accept as true allegations that are wholly conclusory." Id.

"[T]he Second Circuit emphasized in a labor case that 'determining whether a plausible claim has been pled is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Herrera v. Albion Venue, LLC, No. 22-cv-7791(DLI)(PK), 2023 WL 6308052, at *2 (E.D.N.Y. Sept. 28, 2023) (quoting Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013) (internal punctuation marks

3

omitted). "Entities that are not direct employers of an individual may still be liable for discrimination, under statues [prohibiting employment discrimination], under the single employer or joint employer theories. . . . Courts construe the term 'employer' functionally, to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an employee's compensation or terms, conditions, or privileges of employment." Klinkowitz v. Jamaica Hosp. Med. Ctr., No. 20-CV-4440-EK-SJB, 2022 WL 818943, at *6 (E.D.N.Y. Mar. 17, 2022). However, "even when a plaintiff establishes an entities status as part of a joint employer, the plaintiff must still show that the joint employer knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." Id. at *7; see Peterec v. TGI Fridays, Inc., No. 23-CV-8028 (KMK), 2024 WL 4337526, at *5 (S.D.N.Y. Sept. 25, 2024) (dismissing employment claims against an individually-named defendant where "[a]side from asserting that the [individual defendants] share the same address and (potentially) the same HR department, Plaintiff d[id] not allege a commonality of hiring, firing, discipline, pay, insurance, records, or supervision, sufficient to support joint employer status . . . . [and where Plaintiff] likewise d[id] not allege that the two [defendant entities] are sufficiently 'interrelated' to constitute a single enterprise.") (internal citations and punctuation marks omitted).

    **A.    Plaintiff's Complaint Fails To State A Claim Against GeneDx, LLC and Must Be Dismissed**.

Plaintiff asserts statutory employment discrimination claims under various state and federal laws, and common law fraud claims against the Defendants in this matter.

    **i.    Plaintiff's Common Law Claims Involve Alleged Conduct that Preceded GeneDx, LLC's Alleged Acquisition by Sema4 OpCo/GeneDx Holdings**.

As mentioned above, Plaintiff's only allegation that specifically references GeneDx, LLC acknowledges that GeneDx, LLC is a distinct corporate entity from his employer, Sema4 OpCo

4

(Complaint, ¶ 4). In other words, Sema4 OpCo and GeneDx, LLC, are owned by the same parent, GeneDx Holdings, as of GeneDx Holdings' acquisition of GeneDx, LLC on April 29, 2022. (Complaint, ¶ 4).

Plaintiff alleges that employees and officers of Sema4 OpCo fraudulently induced him to accept employment with Sema4 OpCo and/or negligently misrepresented facts in support of such inducement. Plaintiff's common law claims are therefore concerned with alleged conduct that preceded his hire by Sema4. Plaintiff acknowledges that his employment with Sema4 OpCo began on October 11, 2021. (Complaint, ¶ 16). Therefore, Plaintiff's admission that GeneDx, LLC was not acquired by Sema4/GeneDx Holdings until "April 29, 2022" necessarily precludes GeneDx, LLC from having any involvement in the alleged conduct Plaintiff cites to in support of his common law claims regarding pre-hire representations. Further, Plaintiff does not affirmatively allege facts that suggest GeneDx, LLC had any involvement with the alleged fraud and, as detailed below, fails to allege any facts to support GeneDx, LLC's liability under either a single enterprise or a joint employer theory. Accordingly, Plaintiff's Complaint must be dismissed as against Defendant GeneDx, LLC in its entirety.

### ii. Plaintiff Has Not Alleged He Was Ever Employed By GeneDx, LLC.

As discussed above, Plaintiff acknowledges that GeneDx, LLC is a different corporate entity from his employer, Sema4 OpCo, and admits that GeneDx, LLC was not acquired by the parent company of his employer, GeneDx Holdings, until well after his employment with Sema4 began. (Complaint, ¶¶ 4, 15-16). Therefore, to assert employment discrimination claims against GeneDx, LLC, Plaintiff is required to allege facts establishing that he was either employed by GeneDx, LLC, or that GeneDx, LLC was a joint-employer or a single enterprise together with

Sema4 OpCo or GeneDx Holdings. Plaintiff fails to allege any facts at all that would state a claim for employment discrimination against GeneDx, LLC under any of these theories of liability.

Plaintiff does not allege that he was ever employed by GeneDx, LLC, however, and does not allege, even in a conclusory fashion, that GeneDx, LLC was a single enterprise with his employer, or otherwise a joint-employer. Plaintiff certainly does not allege any facts that would support either a single enterprise or joint-employer theory of liability as against GeneDx, LLC. Indeed, as discussed above, Plaintiff only mentions GeneDx, LLC **once** in his Complaint. (Complaint, ¶ 4). This sole, specific reference to GeneDx, LLC only establishes that GeneDx, LLC is a separate entity from Sema4 OpCo, and that the former was not acquired by the common parent company until after Plaintiff began his employment with Sema4 OpCo.

Further, even if Plaintiff had alleged facts establishing that GeneDx, LLC was a single enterprise or a joint employer with his employer, Plaintiff's Complaint would still fail to state employment discrimination claims against GeneDx, LLC because he has not alleged facts establishing that GeneDx, LLC "knew or should have known of the discriminatory conduct and failed to take corrective measures within its control." See Klinkowitz v. Jamaica Hosp. Med. Ctr., No. 20-CV-4440-EK-SJB, 2022 WL 818943, at *6 (E.D.N.Y. Mar. 17, 2022).

Therefore, Plaintiff's Complaint fails to allege that GeneDx, LLC was his employer or otherwise jointly responsible for any alleged conduct by Sema4 OpCo or GeneDx Holdings. Accordingly, Plaintiff's Complaint must be dismissed as against Defendant GeneDx, LLC.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a legally cognizable claim as against Defendant GeneDx, LLC. Therefore, Defendant's motion to dismiss Plaintiff's Complaint as against GeneDx, LLC should be GRANTED.

Respectfully submitted,

DEFENDANT,
GENEDX, LLC

By: */s/ Caroline B. Park*
Caroline B. Park (ct29049)
cpark@wiggin.com
John Cigno (ct30961)
jcigno@wiggin.com
**WIGGIN AND DANA LLP**
One Century Tower
265 Church Street
New Haven, CT  06508
P: (203) 498-4382
F: (203) 782-2889

26871\31\4900-8523-8283.v3